

06-115

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------X

FOJP SERVICE CORPRATION, UNITED
JEWISH APPEAL/FEDERATION OF JEWISH
PHILANTHROPIES OF NEW YORK, INC., FEDERATION
THRIFT SHOP, INC. AND ALL THEIR AFFILIATED
AND/OR ASSOCIATED AND/OR SUBSIDUARY SOCIETIES
AND AGENCIES, HOSPITALS, LONG TERM CARE
FACILITIES, AND THEIR AFFILIATED AND/OR
ASSOCIATED AND/OR SUBSIDUARY SOCIETIES AND   :
AGENCIES AND ANY ENTITY NOW OR HEREAFTER
AFFILIATED OR ASSOCIATED WITH THE UNITED
JEWISH APPEAL/FEDERATION OF JEWISH
PHILANTHROPIES OF NEW YORK, INC. OR FOJP
SERVICE CORPORATION OR ANY OF THEIR
AFFILIATES, AND INCLUDING THE JEWISH COMMUNAL
FUND OF NEW YORK AND ALL SUBSIDIARY,
AFFLIATED, OR ALLIED COMPANIES, CORPORATIONS
OR LEGAL ENTITIES OF ANY TIER OWNED OR
CONTROLLED BY THE NAMED INSURED OR FOR WHICH
THE NAMED INSURED IS RESPONSIBLE FOR "ACTIVE
MANAGEMENT", AND OR THE PROVISION AND
MANAGEMENT OF INSURANCE PROTECTION,
HEREINAFTER REFERRED TO AS THE "INSURED"

Case No:

**COMPLAINT**

PLAINTIFFS DEMAND
TRIAL BY JURY



Plaintiffs

v.

LEXINGTON INSURANCE COMPANY,

Defendant
------------------------------------------------------X

Plaintiffs, by their attorneys, WEG AND MYERS, P.C., as and for their Complaint allege as follows:

## THE PARTIES

1. At all times hereinafter mentioned, the above captioned Plaintiffs are and still are corporations organized and existing under and by virtue of the laws of the State of New York with a principal place of business located at 3411 Wayne Avenue, Bronx New York 10467.

2. At all times hereinafter mentioned, defendant LEXINGTON INSURANCE COMPANY was and still is a corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business at 100 Summer Street, Boston, MA 02110.

## JURISDICTION

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VENUE

4. The venue of this matter is appropriate in this district under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omission giving rise to this claim occurred in this District.

## FACTS

5. At all times herein mentioned, Plaintiffs owned the building located at 3411 Wayne Avenue, Bronx New York 10467 ("Subject Premises")

6. At all times herein mentioned, Plaintiffs maintained an insurable interest in the Subject Premises.

7. Plaintiffs collectively purchased a policy of property insurance from defendant LEXINGTON bearing policy number 509/DP541806 ("Subject Policy") with effective dates from November 1, 2006 to November 1, 2008.

8. Between November 1, 2006 and November 1, 2008, inclusive, the Subject Policy was in full force and effect and insured the Subject Premises against all risks.

9. On or about January 30, 2007, the Subject Premises suffered a loss not excluded by the Subject Policy.

10. As result of the above mentioned loss to the Subject Premises, Plaintiffs sustained damages in the amount of $1,075,000.00

11. Although duly demanded by Plaintiffs, LEXINGTON has failed to indemnify Plaintiffs for their loss.

12. Plaintiffs have performed all of their obligations pursuant to the policy of insurance issued by LEXINGTON and have performed all of the conditions precedent to coverage under the subject policy.

13. LEXINGTON's failure to indemnify Plaintiffs for the January 30, 2007 loss constitutes a breach of LEXINGTON's obligations under the aforesaid policy of insurance.

14. By reason of that breach, plaintiffs have sustained damages in the amount of $1,075,000.00.

WHEREFORE, plaintiffs demand judgment:

(a) against LEXINGTON for breach of contract in in the amount of $1,075,000.00

WEG AND MYERS, P.C.

By: *[signature]*
Joshua L. Mallin (JM0474)
Attorneys for Plaintiff
Federal Plaza
52 Duane Street, Second Floor
New York, New York 10007
(212) 227-4210

3